**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

COREY WALDEN,
        Plaintiff

      v.

BOARD OF EDUCATION OF THE
CITY OF CHICAGO,
        Defendant

No. 25 CV 10198

Judge Jeremy C. Daniel

**ORDER**

The defendant's motion to dismiss the amended complaint [51] is granted. The plaintiff's motion for summary judgment [55] is denied without prejudice. Any amended complaint is due on or before August 21, 2026. The August 13, 2026, status hearing is stricken.

**STATEMENT**

**<u>Background</u>**

The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Plaintiff Corey Walden was hired by Defendant Board of Education of the City of Chicago (the "Board")[1] as a Climate Team Safety Officer ("Climate Officer") in 2015. (R. 41 ¶ 9.)[2] Climate Officers are trained to respond to dangerous incidents at and break up fights among students in the Chicago Public Schools (CPS) system. (*Id.* ¶¶ 23–24.) On December 14, 2023, the plaintiff was the only Climate Officer on duty at Hyde Park Academy High School, though Security Officers were present. (*Id.* ¶ 12.) The plaintiff confronted a student, K.S., who was acting in such a way that she was presenting a danger to herself and other students. (*Id.*) While the plaintiff was trained in restraint methods to handle such situations,

---

[1] The Board of Education of the City of Chicago oversees the Chicago Public Schools and is the proper entity to be sued. *See* 105 ILCS 5/34-2 ("The [school] district shall be a body politic and corporate by the name of 'Board of Education of the City of ....' and by that name may sue and be sued in all courts and places where judicial proceedings are had.") CPS is simply an operational unit of the Board and cannot be sued.

[2] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

he reasoned that such training was insufficient for the situation before him and decided to use a different restraint technique on K.S.; she was not harmed. (*Id.* ¶ 13.) The plaintiff alleges that a female Security Officer present had not had the requisite training and could not intervene, and another male officer had fewer than three months of work experience. (*Id.* ¶¶ 19–20.)

On December 18, 2023, the plaintiff participated in an Office of Student Protection (OSP) interview and pre-hearing. (*Id.* ¶ 24.) The plaintiff raised concerns about inadequate training, understaffing, and lack of intervention by female staff during the incident. (*Id.*) On November 19, 2024, the OSP held a dismissal hearing with Hearing Officer Molly Glanz, SEIU Local 73 Representative Michelle Driver, a CPS attorney, and the plaintiff. (*Id.* ¶ 25.) During this hearing, the plaintiff again spoke about the inadequacy of training and understaffing of Climate Officers. (*Id.* ¶ 26.) The plaintiff also was not allowed to discuss K.S.'s eventual expulsion from Hyde Park Academy High School. (*Id.* ¶ 28.) The Board described the plaintiff's conduct as "physical abuse . . . [and] violent and unprofessional." (*Id.* ¶ 29.) The plaintiff alleges that the conduct described in the dismissal report does not match CPS footage of the incident. (*Id.* ¶ 30.)

On December 23, 2024, Glanz recommended termination with a "Do Not Hire" designation. (*Id.* ¶ 34.) On January 31, 2025, the plaintiff was terminated. (*Id.*) He then filed suit, alleging that the Board violated the retaliation and discrimination provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, *et seq.* (Counts I and II); the First and Fourteenth Amendments of the United States Constitution pursuant to § 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, U.S. Const. amends. I, XIV (Counts III–V); and state laws covering defamation and retaliatory discharge (Counts VI and VII). (*See* R. 1 ¶¶ 47–79.)

On March 2, 2026, this Court denied the defendant's motion to dismiss without prejudice and instructed the plaintiff to file an amended complaint consolidating his allegations. (*See* R. 40.) The plaintiff filed an amended complaint on April 3, 2026. (*See generally* R. 41.) The defendant again moves to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6); (*see generally* R. 51.) The plaintiff, in his response to the motion, also filed a motion for summary judgment. (*See generally* R. 58.)

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## Analysis

### ADEA Claims

The Board first argues that the plaintiff fails to state a claim for ADEA retaliation because his complaint does not plausibly allege that he engaged in "protected activity" within the meaning of the ADEA. (R. 51 at 4–5.) To plead a claim for retaliation under the ADEA, the plaintiff must allege that "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there was a but-for causal connection between the two." *Murphy v. Caterpillar Inc.*, 140 F.4th 900, 918 (7th Cir. 2025). His speech to the Board is a protected activity under the ADEA if it "include[s] an objection to discrimination on the basis of age." *Smith v. Lafayette Bank & Tr. Co.*, 674 F.3d 655, 658 (7th Cir. 2012).

The plaintiff does not allege that his comments to the Board, which are the basis for his ADEA claim, pertained to his age or any age discrimination; instead, they focus on the lack of training and the understaffing of Climate Officers within the CPS system. Without a nexus to any age discrimination, the Court finds that the plaintiff has failed to state a claim for ADEA retaliation and grants the Board's motion to dismiss as to Count I.

The Board also argues that the plaintiff fails to state claims for ADEA retaliation and discrimination because his complaint does not plausibly allege that his age was a "but-for" cause of his termination. (R. 51 at 5–7.) "To set forth a prima facie case of age discrimination under the burden-shifting approach, a plaintiff must show '(1) he was over forty years of age; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated, substantially younger employees were treated more favorably.'" *Murphy*, 140 F.4th at 911 (citing *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771–72 (7th Cir. 2002)).

The plaintiff's allegations concerning age are limited to assertions that younger employees were not terminated and conclusory allegations that he was discriminated against on the basis of age. (R. 41 ¶¶ 47–58.) However, his own complaint undercuts that he was meeting the Board's legitimate expectations because he admits that he was terminated due to using an unauthorized restraint on a student. (*Id.* ¶ 13.) This means that his age, even if it were a factor in his termination, was not a "but-for" cause of that termination. Therefore, because the plaintiff fails to plausibly allege ADEA discrimination, the Court grants the Board's motion to dismiss Count II.

### Constitutional Claims

The Board next argues that the plaintiff fails to state claims for constitutional violations under § 1983 because he cannot show that the Board is liable under *Monell*

3

*v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A municipality may only be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691).

> [A plaintiff] can establish a 'policy or custom' by showing: '(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.'

*Id.* (citing *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)). The plaintiff has not pled the existence of either (1) an express policy or (2) a widespread permanent or well settled practice by the Board extending beyond his own case. The Court accordingly dismisses Counts III through V and need not reach the Board's remaining arguments regarding the sufficiency of the plaintiff's allegations under the First and Fourteenth Amendments.

**State Law Claims**

Because the Court grants the motion to dismiss as to all federal claims, it declines to exercise supplemental jurisdiction over the remaining state law claims for defamation and retaliatory discharge. *See* 28 U.S.C. § 1367.

**The Plaintiff's Motion for Summary Judgment**

The plaintiff filed a motion for summary judgment along with his response to the Board's motion to dismiss. (*See* R. 55 at 5–6.) This Court requires a party seeking to file a summary judgment motion prior to the end of fact discovery to first seek leave to do so. *See* Hon. Jeremy C. Daniel, *Procedures to Be Followed in Cases Assigned to Judge Jeremy C. Daniel*, Motions - Summary Judgment, U.S. Dist. Ct. for the N. Dist. of Ill., https://www.ilnd.uscourts.gov/judge_display.php?LastName=Daniel (last visited July 23, 2026). Setting aside the plaintiff's failure to follow this Court's requirement, there are no pending claims to pass on.

4

In his surreply, the plaintiff requests retroactive consideration or withdrawal of the summary judgment. (R. 67 at 2.) The Court chooses the latter and denies the motion for summary judgment without prejudice.

Date: July 31, 2026

JEREMY C. DANIEL
United States District Judge